IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GRIMES,<br><br>    Petitioner,<br><br>  vs.<br><br>SALINAS VALLEY STATE PRISON,<br><br>    Respondent. | No. C 09-4345 JSW (PR)<br><br>**ORDER OF DISMISSAL AND INSTRUCTIONS TO THE CLERK** |

      Petitioner, incarcerated at Salinas Valley State Prison in Soledad, filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his placement in administrative segregation as a result of a disciplinary proceeding against him. Petitioner filed the instant habeas petition in his own handwriting and not on this Court's form. The header on Petitioner's papers states, "Superior Court of the State of California, County of Monterey" rather than this Court. In addition, this Court has determined that Petitioner has not yet exhausted this claim in the California State Courts. *See*, California Appellate Courts Case Information at http://appellatecases.courtinfo.ca.gov. It is apparent that Petitioner inadvertently filed this petition here when it was intended for the state courts.

      This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not

be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague, conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose*, 455 U.S. at 515-16. The Ninth Circuit has held that the appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal petition is filed, not when it comes on for hearing in the district court or court of appeals, *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999); *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993), and that if the petitioner exhausts after filing, he can bring that up in a subsequent petition, *Gatlin,* 189 F.3d at 889.

As Petitioner has apparently filed this unexhausted action in the wrong court, the instant petition for a writ of habeas corpus is hereby DISMISSED without prejudice to Petitioner's refiling after all his claims have been exhausted in accordance with 28 U.S.C. § 2254(b)-(c). *See Rose*, 455 U.S. at 522.

The Clerk shall close the file, enter judgment in accordance with this order and send Petitioner a copy of this Court's habeas corpus form along with this order.

IT IS SO ORDERED.

DATED: November 13, 2009

JEFFREY S. WHITE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH GRIMES,

        Plaintiff,

  v.

SALINAS VALLEY STATE PRISON et al,

        Defendant.

Case Number: CV09-04345 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 17, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph Grimes
Salinas Valley State Prison
P.O. Box 4050
D72759
Soledad, CA 93960-1050

Dated: November 17, 2009

Richard W. Winking, Clerk
By: Jennifer Ottolini, Deputy Clerk